EL PUEBLO, DEMANDANTE Y APELADO, *v.* COLÓN, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por escalamiento en primer grado.

No. 1920.—Resuelto en mayo 9, 1922.

ESCALAMIENTO—EVIDENCIA INADMISIBLE.—El que se admita una pregunta hecha por el Fiscal claramente improcedente, no justifica la presentación de prueba por parte del acusado para contrarrestarla, improcedente también.

ID.—INSTRUCCIÓN SOBRE ESCALAMIENTO.—No es ambigua una instrucción al jurado sobre escalamiento, cuando de ella se deduce que establece claramente

que para que el delito exista es necesario que el acusado tuviera la intención de cometer hurto o ratería antes de penetrar en la casa de que se trata.

ID.—INTENCIÓN.—Cuando el acusado tenía derecho a entrar en la casa en donde se alega que fué cometido el escalamiento, del solo hecho de haber penetrado en ella no puede deducirse la previa intención criminal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Tormes.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Ricardo Colón fué acusado de haber penetrado el 3 de septiembre de 1921 a altas horas de la noche en la casa habitación de Angelina Pacheco, situada en Ponce, con intención de cometer hurto o ratería. Alegó su inocencia. Se celebró un juicio ante un jurado y se le declaró culpable de escalamiento en primer grado, imponiéndole la corte tres años de presidio. No conforme, apeló para ante este tribunal, señalando en su alegato la comisión de tres errores.

1. El primer error consiste en no haber admitido la corte como prueba el record de cierta causa criminal. De la transcripción aparece que el acusado declaró como su propio testigo y el fiscal le hizo la siguiente repregunta:

"¿No es verdad que usted incendió las ropas esa noche de una mujer de la vida?—No es verdad."

Acto seguido intervino el abogado del acusado así:

"Defensor: El secretario con el récord criminal de la causa seguida contra Ricardo Colón, por escalamiento e incendio de una casa.—Fiscal: Nos vamos a oponer.—Defensor: Yo trato de introducir como prueba el hecho de que él no entró en una casa a pegar fuego.—Juez: Aquí no tiene que ver eso con el caso este. La corte niega la prueba.—Defensor: La prueba formal que nosotros proponemos es la siguiente: De que este acusado fué repreguntado por el fiscal sobre si había sido acusado de haber incendiado una casa o una habitación la misma noche a que se refiere la acusación en este caso; la defensa trata de introducir a la corte el record criminal No. 5594, reportado como infundado por el Gran Jurado que entendió en dicho caso sobre los hechos que se le atribuyen al acusado.—El

fiscal se opone. La corte sostiene la oposición y el defensor toma excepción.—Juez: La corte, en este momento debe instruir a los señores del jurado que este documento no ha sido admitido en evidencia y ustedes deben borrar de su mente todo lo que se ha dicho referente a tal record de esta corte, ustedes no tienen que considerarlo para nada.''

La repregunta del fiscal era claramente improcedente. La defensa no la objetó y creemos que por sí sóla no constituye un error perjudicial para el acusado. La prueba propuesta por el acusado era también manifiestamente errónea. El artículo 23 de la Ley de Evidencia que invoca, no es aplicable. El fiscal no ofreció como evidencia ninguna parte de un acto, declaración, conversación o escrito. Simplemente se extralimitó en una repregunta que fué contestada negativamente por el acusado y el hecho de su extralimitación no justificaba la de la defensa. Bajo esas circunstancias no creemos que se cométiera error alguno por la corte.

2. Se sostiene que la corte erró al dar al jurado las siguientes instrucciones:

''Ahora, los elementos constitutivos del delito de escalamiento como definido en nuestro Código Penal, y a eso tienen ustedes que atenerse en absoluto son, el que penetre en una casa u otro edificio que ya relaciona el código, que penetra en esa casa, que no dice en casa de otra persona sino en una casa habitación, lo que sea, con la intención de cometer hurto o ratería o cualquier delito grave es culpable de escalamiento, y aunque una persona tiene derecho de entrar en una casa, no altera en nada el caso, no afecta el caso; si uno penetra en una casa y al penetrar en esa casa él tenía ya formada la intención de cometer el delito de hurto, él es culpable de escalamiento.

\* \* \* \* \* \* \*

''Si existe duda razonable de su culpabilidad, deben ustedes declararlo no culpable. Pero ustedes no tienen que considerar como elemento del delito si el acusado tuvo o no derecho de entrar en esa casa porque tenía una mujer con quien él dormía que ocupaba una parte de esa casa y él acostumbraba a entrar y salir a la hora que le convenía, esa es una cuestión que ustedes tendrán presente y durante sus deliberaciones darán toda su consideración al determinar

si al entrar en la casa el acusado tuvo la intención de cometer rate-
ría.   Esa es la esencia de este delito, la intención que tuvo el acusado
al penetrar en la casa y es necesario que se pruebe ese elemento del
delito fuera de duda razonable para justificar una condena, un vere-
dicto de culpabilidad.   Una persona puede entrar en una tienda
abierta, tiene un derecho perfectísimo todo el público de entrar en
una tienda que está abierta donde se ofrecen transacciones mercan-
tiles; si una persona entra en esa tienda y no se justifica que tuvo
intención de cometer hurto en la tienda cuando entró, pero estando
dentro de la tienda, por un descuido o algo así que ocurre vió un
billete encima del mostrador o debajo de unas telas y cediendo a una
tentación coge ese billete, lo mete en el bolsillo, ese sería un hurto;
entró ahí para hacer una compra, no hay prueba de que él sabía
que había ese billete allá y él no entró con intención de llevarse ese
billete, pero estando dentro de la tienda encontró el billete y se lo
llevó, ese es un hurto, pero si esa persona está en la acera frente del
establecimiento y vé que hay piezas de tela o lo que sea encima del
mostrador y él, estando en la acera, espera un momento oportuno
cuando los dependientes están ocupados, descuidados o algo así, entra,
se lleva algo, entonces ya tienen ustedes evidencia que justifica a us-
tedes de llegar a la conclusión de que él, en el momento de penetrar
en la tienda, ya tenía la intención de cometer hurto.   En este caso
la ley no exige prueba directa de la intención; la intención no es
otra cosa que un estado mental por parte del acusado y eso se infiere
y se deduce de todos los hechos y las circunstancias; es preciso que
sea probado, pero no necesita la prueba directa, si de todos los hechos
y circunstancias que rodean este caso, ustedes creen que el acusado
penetró en esa casa ya con la intención, en el momento de penetrar,
de cometer hurto, entonces ha sido establecido ese elemento esencial
del delito.''

Creemos que el juez sentenciador expuso al jurado la ley
correctamente.   Todo depende de la intención y del momento
en que se forma.   Nos limitaremos a referirnos a un caso
de la Corte Suprema de Alabama que se encuentra citado en
todos los tratados que hemos consultado y que constituye
autoridad sobre la materia.   Su resumen es así:

''Un sirviente y mensajero de un abogado, a quien se ha confiado
una llave de la puerta de entrada de la oficina, y que entra de noche
usando esa llave, con la intención de robar, mientras el abogado

duerme, según costumbre, en una habitación interior, es culpable·de escalamiento; pero no lo es si el muchacho tiene costumbre de dormir en la oficina, a sabiendas de su patrono, y entra para acostarse, y después de estar adentro forma el designio de robar.'' *Lowder* v. *State,* 35 Am. Rep. 9.

3. El tercer error se refiere a la prueba. La hemos examinado y a nuestro juicio demuestra claramente lo que sigue: Angelina Pacheco tenía alquilada una casita en Ponce por dos dólares y medio al mes. Interiormente estaba la casita dividida en dos habitaciones. La única puerta de entrada exterior daba directamente a la habitación ocupada por Angelina y por otra puerta interior se pasaba a la habitación que Angelina sub-arrendó a Elena Rodríguez. Esta era querida del acusado Ricardo Colón quien la visitaba constantemente, dormía allí y contribuía al pago de la renta.

En la noche del tres de septiembre Angelina y Elena salieron para el cine dejando la casa cerrada con un candado sin llave. Volvieron como a las diez y notaron que faltaban ocho yardas de dril y un pantalón blanco que pertenecían a un hermano de Angelina.

Está enteramente probado que el acusado hurtó el dril y el pantalón. Se ocuparon en su poder. Alegó que se los había comprado a su dueño, pero su alegación no está sostenida. En este extremo, repetimos, no hay duda. La duda existe con respecto al momento en que el acusado concibió el acto delictivo.

El primer testigo del fiscal fué Angelina Pacheco. Copiamos textualmente parte de su declaración que dice así:

''¿Cuando usted cogió esa casa así, la cogió sola o la cogió en unión de la otra?—Con mi amiga.—¿Quién era su amiga?—Elena Rodríguez.—¿Y este hombre era el marido de Elena Rodríguez?— El querido de Elena Rodríguez.—¿Entonces él podía penetrar allí en esa casa?—Sí, señor, como él pagaba su habitación.—¿Podía penetrar allí o no podía penetrar?—En la habitación de ella sí.—¿Pero para penetrar en la habitación de ella tenía que pasar por la suya?—Por

la mía.—¿Tenía llave ese candado?—Tenía llave pero se le había perdido.—¿Entonces que se hacían para poder tener acceso a esa casa cuando ustedes no estaban allí? Pues que le halaban la argolla que tenía el candado.—¿A qué hora ese día usted vió a este hombre allí por última vez?—Por última vez entre ocho y nueve.—¿Dónde lo dejó usted?—El se había ido.—¿Salió primero que ustedes de la casa?—Como él tuvo ahí una suruca, cuestión de celos con ella, se había ido.—¿Cuántos baúles habían allí en esa casa?—El mío nada más, ella no tenía.—¿Este hombre tenía ropa allí en esa casa? Sí, tenía ropa en poder de ella.—¿En ese baúl suyo había ropa de este hombre?—El día ese que ella tuvo la suruca con él, puso la ropa de él en el baúl mío y dijo: déjame poner tres piezas aquí para que él se las lleve, que fué cuando ella se fué.''

¿A qué volvió Colón en la noche del tres de septiembre a la caso de su querida? Para que pueda declarársele culpable del delito de escalamiento, sería necesario demostrar que al entrar en la casa ya llevaba el propósito de cometer el hurto. Si la idea surgió después de estar en la casa, entonces hubiera podido castigársele por el delito de hurto, pero no por el de escalamiento.

Complica la investigación de la verdad la misma teoría del acusado. Va demasiado lejos al sostener que no cometió acto alguno delictivo. Pero de todos modos analizando concienzudamente la prueba no encontramos en ella elementos bastantes que permitan asegurar más allá de una duda razonable que el acusado entró con el propósito de cometer el hurto. Este no es un caso corriente de escalamiento en que generalmente por el sólo hecho de encontrarse dentro de una casa o establecimiento extraños, se deduce la intención del acusado. Aquí el acusado tenía derecho a entrar en la casa y por lo tanto del sólo hecho de haber penetrado allí, no puede deducirse una intención criminal. Y cuando la entrada se explica además por la circunstancia de haber tenido un disgusto con su querida y haber vuelto a la casa para buscar su ropa, es imposible la condena.

A nuestro juicio la intención del acusado de apoderarse

del dril y el pantalón que hurtó, surgió dentro de la casa, cuando sacaba del mismo baúl donde todo se encontraba lo que a él legítimamente le pertenecía.

Siendo esto así, es necesario reconocer que se cometió el último de los errores alegados y en tal virtud que debe revocarse la sentencia recurrida y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.